UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEOFFREY MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07 CV 4117 |
| CITY OF HARVEY, DEPUTY MARSHAL | ) |
| SEAN WALLER, Star No. 843, DEPUTY | ) Senior District Judge George W. Lindberg |
| MARSHAL NICHOLE LEWIS, Star No. 860, | ) |
| and POLICE OFFICER EYAD ASKAR, Star | ) |
| No. 834, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On July 23, 2007, Plaintiff Geoffrey Montgomery filed an eleven-count complaint against Defendants City of Harvey, Sean Waller, Nichole Lewis, and Eyad Askar (collectively, "Defendants"). Defendants City of Harvey, Lewis, and Askar ("Movants") filed a motion to dismiss Counts IV, VIII, IX, X, and XI pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 2, 2007. Defendant City of Harvey filed a separate motion to dismiss Count VII pursuant to Rule 12(b)(6) that same day. Movants' motion is granted in part and denied in part. Defendant City of Harvey's motion is granted.

*Analysis*

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted. . . ." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citation omitted). This requirement

> impose[s] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the. . .claim is and the grounds upon which it rests.'. . .Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court.[1]

*Id.* (citations omitted); *see also Killingsworth v. HSBC Bank Nev., N.A.*, No. 06-1616, 2007 WL 3307084, at *3 (7th Cir. Nov. 9, 2007) ("The [Supreme Court] explained in *Bell Atlantic* that the 'plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'. . .Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'") (citations omitted). When determining whether Plaintiff has cleared these hurdles, the Court "accept[s] the complaint's well-pleaded allegations as true and draw[s] all favorable inferences for [Plaintiff]." *Killingsworth*, No. 06-1616, 2007 WL 3307084, at *2 (citation omitted).

**I.     Movants' Motion to Dismiss Counts IV, VIII, IX, X, and XI**

    **A.     Count IV**

Count IV alleges a claim for wrongful prosecution under 42 U.S.C. § 1983 against Defendants. Movants argue that Count IV must be dismissed because Plaintiff also alleges a state-law malicious prosecution claim in Count IX against Defendants.[2] The Court agrees.

---

[1] Neither party identified the correct legal standard applicable to Rule 12(b)(6) motions. *See Killingsworth v. HSBC Bank Nev., N.A.*, No. 06-1616, 2007 WL 3307084, at *2 (7th Cir. Nov. 9, 2007) ("In *Bell Atlantic*, the Supreme Court retooled federal pleading standards, retiring the oft-quoted *Conley* formulation that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citations omitted).

[2] All of Plaintiff's state-law claims are based on Illinois law. Movants do not dispute that Illinois law governs each of those claims. The Court will therefore apply Illinois law when ruling on Movants'

The facts alleged to state a claim for wrongful prosecution under Count IV are virtually identical to the facts alleged to state a claim for malicious prosecution under Count IX. (*Compare* Pl's. Compl., at ¶75, *with* Pl's. Compl., at ¶¶98-99.) As explained below, Plaintiff's state-law claim for malicious prosecution is not time-barred. (*See infra* p. 5.) Regardless, Count IV must be dismissed insofar as it states a claim for malicious or wrongful prosecution under 42 U.S.C. § 1983. In *Newsome v. McCabe*, the Seventh Circuit explained that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." 256 F.3d 747, 750-51 (7th Cir. 2001) (The court also recognized that Supreme Court precedent "scotches any constitutional tort of malicious prosecution when state courts are open.") (citations omitted). This statement of law was affirmed in *Penn v. Harris*[3] and, subsequently, in *McCullah v. Gadert*[4]. The Court therefore dismisses Count IV without prejudice as to Movants.

B.     **Counts VIII, IX, X, and XI**

Movants argue that the claims pled in Counts VIII, IX, X, and XI are time barred by the

---

motion to dismiss. *Cf. Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998) ("It is true. . .that '[t]he operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits. . . .Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.'") (citation and emphasis omitted); *Grundstad v. Ritt*, 166 F.3d 867, 870 (7th Cir. 1999) (same).

[3]296 F.3d 573, 576 (7th Cir. 2002) ("[A]s *Newsome* explained, there is no 'constitutional right not to be prosecuted without probable cause.' A plaintiff therefore may not state a § 1983 claim simply by alleging that he was maliciously prosecuted. Instead, he must allege the violation of one of his constitutional rights, such as the right to a fair trial. . . .Although *Newsome* precludes a malicious prosecution claim brought under § 1983, a state-law claim of malicious prosecution is still viable.") (citation omitted).

[4]344 F.3d 655, 658-59 (7th Cir. 2003) ("In short, we found [in *Newsome*] that the existence of a state-law tort remedy 'knocks out' any constitutional tort under due process for the same conduct. . . .[Nevertheless,] it is possible to state a § 1983 claim that relies on the Fourth Amendment.") (emphasis and citations omitted).

applicable statute of limitations. Count VIII alleges a state-law battery claim against Defendants Waller and City of Harvey. Count IX alleges state-law false arrest, false imprisonment, and malicious prosecution claims against Defendants. Count X alleges a state-law libel claim against Defendants. Count XI alleges a state-law claim for attorneys' fees against Defendants. These four counts are joined with multiple counts brought under 42 U.S.C. § 1983.

745 Ill. Comp. Stat. 10/8-101(a) of the Illinois Local Governmental and Governmental Employees Tort Immunity Act provides, in relevant part: "No civil action. . .may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILL. COMP. STAT. 10/8-101(a). The law is settled that "Illinois local governmental entities and their employees. . .benefit from a one-year statute of limitations for 'civil actions' against them. . . .While the two-year period still applies to § 1983 claims against such defendants,. . .the one-year period applies to state-law claims that are joined with a § 1983 claim." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (citations omitted). Here, Plaintiff alleges that he was injured by Defendants' violations of Illinois state law on November 29, 2005. (*See, e.g.*, Pl's. Compl., at ¶¶9, 12-45.) Nevertheless, Plaintiff did not file the instant lawsuit until July 23, 2007, over one year after "the date that the injury was received." 745 ILL. COMP. STAT. 10/8-101(a). Moreover, Plaintiff concedes in his response to Movants' motion that Count VIII (battery), Count IX (false arrest and false imprisonment), and Count X (libel) are time-barred. The Court will therefore dismiss Counts VIII and X and Plaintiff's false arrest and false imprisonment claims in Count IX with prejudice as to Movants.

Plaintiff, however, contests Movants' motion as it relates to his state-law malicious

prosecution claim in Count IX. Specifically, he argues that his cause of action for malicious prosecution did not accrue until December 21, 2006, the date that he was found not guilty on the charge of resisting a peace officer. (*See* Pl's. Compl., at ¶53.) That charge relates to the events that allegedly occurred on November 29, 2005 and of which Plaintiff complains. (*See id.*, at ¶¶43-45.)

Under Illinois law, the elements of a cause of action for malicious prosecution include "(1) the commencement or continuance of an original or criminal judicial proceeding by the defendant; (2) termination of the prosecution in favor of the plaintiff in a manner indicative of the innocence of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and[] (5) damages resulting to the plaintiff." *Vincent v. Williams*, 664 N.E.2d 650, 652 (Ill. App. Ct. 1996) (citations omitted); *see also Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996) (same); *Joiner v. Benton Community Bank*, 411 N.E.2d 229, 232 (Ill. 1980) (same). It therefore follows that "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004) (citation omitted). Accepting the allegations included in Plaintiff's complaint as true, the Court finds that Plaintiff's state-law cause of action for malicious prosecution did not accrue until December 21, 2006. Because Plaintiff's state-law malicious prosecution claim was timely filed, Movants' motion is denied as to that cause of action. *See* 745 ILL. COMP. STAT. 10/8-101(a).

Plaintiff also objects to Movants' motion as it relates to his claim for attorneys' fees in Count XI. In addition to arguing that Plaintiff's claim for attorneys' fees in Count XI is time-barred, Movants argue that there is no independent cause of action for attorneys' fees under Illinois law. In response, Plaintiff baldly asserts that attorneys' fees may be awarded as damages if Movants are

found liable under any of his seven 42 U.S.C. § 1983 counts or his state-law malicious prosecution claim. But he does not identify any legal authority that suggests a claim for attorneys' fees may be advanced as an independent cause of action under Illinois law. *See also People Who Care v. Rockford Bd. of Educ. Dist. No. 205*, 921 F.2d 132, 134 (7th Cir. 1991) ("Attorneys' fees are not a separate claim for relief. . . .") (citation omitted); *Aviation Constructors, Munoz, Castle v. Fed. Express Corp.*, No. 91-2835, 1991 WL 150043, at *2 (N.D. Ill. July 31, 1991) ("Count IV attempts to state an independent claim for attorney's fees. . . .Even assuming such remedies might be available under the circumstances of this case,. . .the [plaintiffs have] asserted no basis by which [their] right to recover attorney's fees may be asserted as an independent substantive claim for relief. Accordingly, we grant judgment on the pleadings in favor of [the defendant] on Count IV."). The Court therefore dismisses Count XI without prejudice as to Movants.[5]

## II.     Defendant City of Harvey's Separate Motion to Dismiss Count VII

Defendant City of Harvey argues that Plaintiff has not alleged "even minimal facts that could lead the Court to conclude the City possessed a unconstitutional policy and practice of condoning the use of excessive force by its officers." Defendant City of Harvey therefore concludes that "Count VII of Plaintiff's complaint does not state a claim under any of the. . .avenues available to make a policy and procedure claim against a municipality." In response, Plaintiff writes that his complaint

> sufficiently states a cause of action against [Defendant City of Harvey] for violation of his civil rights[] when the allegations of the [c]omplaint, as a whole, are taken into account, including the specific allegations. . .involving the failure to train deputy marshals and the allegations. . .involving [Defendant City of Harvey] complacently

---

[5]Although Count XI is dismissed, Plaintiff is not precluded from recovering the attorneys' fees alleged in Count XI if the fees are legally recoverable as damages under any count or cause of action in Plaintiff's complaint that survives Movants' and Defendant City of Harvey's motions to dismiss.

condoning the use of excessive force by its police officers and deputy marshals[] based on a history of excessive force by officials of [Defendant City of Harvey] and the failure of [Defendant City of Harvey] to properly discipline and/or punish its police officers and deputy marshals.

To survive Defendant City of Harvey's Rule 12(b)(6) motion, Plaintiff's complaint "must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims v. County of Bureau*, No. 01-2884, 2007 WL 3036752, at *3 (7th Cir. Oct. 19, 2007) (citations omitted). This requirement serves to "'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Id.* (citation and emphasis omitted). Plaintiff "may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice[6]; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (citation omitted).

Here, Plaintiff argues that his complaint alleges at least four "official policies" to support his *Monell* claim (Count VII): (1) the practice of hiring unqualified police officers and deputy marshals, (2) the practice of providing inadequate training to police officers and deputy marshals, (3) the practice of failing to properly discipline or punish police officers and deputy marshals for their use of excessive force, and (4) the practice of condoning the use of excessive force by police officers and

---

[6]A single incident is generally insufficient "to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000) (citation omitted). But "liability against a municipality may attach if persuasive evidence is presented of a. . .policy or custom, or lack thereof, which reflects a showing of deliberate indifference on the part of a municipality to the constitutional rights of its inhabitants. . . ." *Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003) (citations omitted).

deputy marshals. (*See* Pl's. Compl., at ¶¶4, 82-85, 88-90.) But there are at least two pleading deficiencies that warrant the dismissal of Count VII. First, Count VII does not incorporate Plaintiff's allegations that Defendant City of Harvey has engaged in the widespread practices of hiring unqualified police officers and deputy marshals and providing inadequate training to police officers and deputy marshals. (*See* Pl's. Compl., at ¶87.) This deficiency deprives Defendant City of Harvey of "'fair notice of what the. . .claim is and the grounds upon which it rests.'" *Concentra Health Servs., Inc.*, 496 F.3d at 776 (citations omitted). Second, Plaintiff's complaint does not allege that any of the above-listed "official policies" was the "moving force" behind a constitutional violation. *See Killingsworth*, No. 06-1616, 2007 WL 3307084, at *3; *Concentra Health Servs., Inc.*, 496 F.3d at 776; *Estate of Sims*, No. 01-2884, 2007 WL 3036752, at *3, *4 (When determining whether Plaintiff has satisfied his pleading burden, the Court looks to see if "the complaint alleges a direct causal link between a policy or custom of [Defendant City of Harvey] and the alleged constitutional violations.") (citation omitted). The Court therefore dismisses Count VII without prejudice as to Defendant City of Harvey.

**ORDERED**: Movants' motion to dismiss Counts IV, VIII, IX, X, and XI of Plaintiff's complaint [13] is granted in part and denied in part. Counts IV and XI are dismissed without prejudice as to Movants. Counts VIII and X and Plaintiff's false arrest and false imprisonment claims in Count IX are dismissed with prejudice as to Movants. Defendant City of Harvey's motion to dismiss Count VII of Plaintiff's complaint [11] is granted. Count VII is dismissed without prejudice as to Defendant City of Harvey. Plaintiff is granted leave to file an amended complaint on or before December 12, 2007. Defendants City of Harvey, Lewis, and Askar are ordered to answer Plaintiff's complaint [1] on or before January 3, 2008. If Plaintiff files an amended

complaint, Defendants City of Harvey, Lewis, and Askar are ordered to answer or otherwise move with respect to the same on or before January 3, 2008.

**DATED:** November 28, 2007    **ENTERED:** _____
George W. Lindberg
Senior United States District Judge