IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEOFFREY MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 4117 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| CITY OF HARVEY; DEPUTY MARSHALL | ) | |
| SEAN WALLER, STAR NO. 843; DEPUTY | ) | |
| MARSHALL NICHOLE LEWIS, STAR NO. | ) | |
| 860; and POLICE OFFICER EYAD ASKAR, | ) | |
| STAR NO. 834, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Geoffrey Montgomery's complaint against Defendants Sean Waller, Nichole Lewis, and Eyad Askar alleges the following claims under 42 U.S.C. § 1983: use of excessive force by Waller and the City of Harvey (Count I); false arrest, false imprisonment, and conspiracy against all Defendants (Counts II, III, and V); and failure to train against the City of Harvey (Count VI).[1] In addition, Plaintiff alleges a state law claim of malicious prosecution against all Defendants (Count IX). Before the Court is Defendants' motion for summary judgment as to Counts I and VI as to the City of Harvey, and Counts II, III, V, and IX as to all Defendants. For the reasons stated below, the motion is granted in part and denied in part.

**I. Factual Background**

Unless otherwise noted, the following facts are undisputed. At all times relevant to the complaint, Defendants Lewis and Waller were Deputy Marshals with the City of Harvey Police

---

[1] On November 28, 2007, this Court dismissed Counts IV, VII, VIII, X, XI, and the false arrest and false imprisonment claims in Count IX.

Department, and Defendant Askar was a certified police officer with that department. On November 29, 2005, Lewis, Waller, Askar, and other officers conducted a prostitution sting operation in Harvey, Illinois. During the sting operation, Lewis posed as a prostitute, while the other officers remained in visual or radio contact with her.

On the date of the sting, Plaintiff parked a van in the parking lot of a liquor store. Plaintiff's uncle, George Moore, was a passenger in the van. Moore got out of the van and walked toward the store entrance, while Plaintiff remained in the van. Moore approached Lewis and asked her the price for oral sex. During their conversation, another man (not Plaintiff) approached, also offered Lewis money for sex, and began arguing with Moore. After Moore told the man that he would have to wait, the man walked away. Lewis and Moore then began walking toward the van. At that time, Lewis gave a pre-arranged signal to the other officers.

After Lewis gave the signal, Waller and another officer, Clovis Woods, arrived on the scene and parked behind the van. Waller yelled for the occupants of the van to raise their hands in the air. According to Defendants, Waller also told the van occupants to get out of the van. Plaintiff and Moore did not get out of the van.

Waller then approached the driver's side of the van. According to Defendants, Waller yelled at the van occupants to get out of the van two more times, but no one got out. Waller tried to open the driver's door, but it was locked. Waller told Plaintiff to unlock the door. Plaintiff did not do so. According to Plaintiff, another officer told him not to unlock his door. Plaintiff knew that the individuals outside the van were police officers.

When Waller realized that the passenger side door of the van was open, he ran around to the passenger side. Waller pulled Plaintiff out of the van through the passenger side door and

placed him under arrest. According to Plaintiff, Waller also struck him in the eye.

Defendant Askar arrived at the scene after Plaintiff and Moore had been taken into custody. Askar approached Lewis, pointed toward the scene of the arrest, and asked her if those were the two men who solicited her. Lewis said yes, and that they had offered her money in exchange for sex.

Plaintiff was charged with soliciting a prostitute, in violation of 720 ILCS 5/11-15(a)(1), and resisting or obstructing a peace officer, in violation of 720 ILCS 5/31-1. The parties agree that Plaintiff did not solicit Lewis for prostitution. Plaintiff was acquitted of the charge of resisting a peace officer.

## II. Legal Standard

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The moving party bears the initial burden of demonstrating that no material issue exists for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a material dispute exists, and must present more than a scintilla of evidence to support its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

## III. Analysis

As an initial matter, the Court notes that in their briefs, the parties – particularly Plaintiff

– refer to facts that are not presented in their statements of fact. This is improper. Local Rule 56(a)(1)(3) requires the party filing a motion for summary judgment to support its motion with "a statement of material facts." Similarly, Local Rule 56.1(b)(3) provides the only acceptable means of presenting additional facts to the Court. See Midwest Imports, Ltd. v. Coval, 71 F.3d 1311, 1317 (7th Cir. 1995). Providing facts in a brief "is insufficient to put those facts before the Court." See Malec v. Sanford, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

The procedures prescribed in Rule 56.1 are not mere technicalities. They "assist the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." Bordelon v. Chicago Sch. Reform Bd. of Trustees, 233 F.3d 524, 527 (7th Cir. 2000) (quoting Markham v. White, 172 F.3d 486, 490 (7th Cir. 1999)). Accordingly, this Court requires strict compliance with Rule 56.1, and disregards any facts presented in the briefs that are not properly presented in the parties' statements of fact. See Cichon v. Exelon Generation Co., L.L.C., 401 F.3d 803, 809 (7th Cir. 2005) (observing that the Seventh Circuit has "repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1.").

In addition, Defendants filed a "Reply to Plaintiff's Response to Defendants' Local Rule 56.1(b)(3)(B) Statement of Undisputed Facts." Local Rule 56.1 does not provide for the filing of a reply to a response to a movant's statement of facts. This reply is stricken.

### A. Counts I, II, III, and V Against the City of Harvey

The City of Harvey argues that it is entitled to summary judgment as to Counts I, II, III, and V against it, because Plaintiff does not allege in those claims that Harvey itself took any actions. Respondeat superior is not a valid basis for municipal liability under Section 1983.

4

Sornberger v. City of Knoxville, 434 F.3d 1006, 1029 (7th Cir. 2006). Instead, a municipality can be held liable under Section 1983 only if its employees cause an injury "in the execution of the government's policy or custom." Id. Plaintiff offers no facts showing that he suffered an injury based upon the execution of a municipal policy or custom, and he does not address Harvey's argument in his response memorandum. Defendants' motion for summary judgment is granted as to Counts I, II, III, and V against the City of Harvey.

### B. Counts II and III: False Arrest and Imprisonment

#### 1. Defendant Waller

Defendant Waller argues that he is entitled to summary judgment as to plaintiff's false arrest and false imprisonment claims in Counts II and III because he had probable cause to arrest Plaintiff for resisting or obstructing a peace officer, or alternatively, because he is entitled to qualified immunity.

The existence of probable cause is a complete defense to a Section 1983 claim for false arrest or imprisonment. Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989). In addition, even if actual probable cause did not exist, an officer is entitled to qualified immunity if "a reasonable police officer in the same circumstances and with the same knowledge . . . as the officer in question *could* have reasonably believed that probable cause existed in light of well-established law." Williams v. Jaglowski, 269 F.3d 778, 781 (7th Cir. 2001) (quoting Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998)). The Court looks to state law to determine whether Waller had probable cause to believe that Plaintiff committed the offense of resisting or obstructing a peace officer. See id. at 782.

The relevant Illinois statute provides: "A person who knowingly resists or obstructs the

5

performance by one known to the person to be a peace officer . . . of any authorized act within his official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1(a). Generally, the act of resistance or obstruction must be physical to constitute a violation. See Shipman v. Hamilton, 520 F.3d 775, 779 (7th Cir. 2008). However, an Illinois court has held that an individual's refusal to get out of a vehicle when a law enforcement officer lawfully orders him to do so constitutes obstructing a peace officer under Illinois law. See People v. Synnott, 811 N.E.2d 236, 241 (Ill. App. Ct. 2004).

Defendants contend that Plaintiff disobeyed Waller's orders to get out of the van and to unlock his door. However, Plaintiff contends that Waller never ordered him to get out of the vehicle. In addition, Plaintiff contends that although Waller ordered him to unlock the driver's side door, another officer told him he did not have to unlock his door. Drawing all reasonable inferences in favor of Plaintiff, as it must at this stage of the litigation, the Court finds that Plaintiff has demonstrated that a material dispute exists as to the issues of probable cause and qualified immunity. Waller's motion for summary judgment as to Counts II and III is denied.

### 2. Defendant Lewis

Defendant Lewis argues that she is entitled to summary judgment as to Counts II and III because she did not take any act in furtherance of Plaintiff's arrest. Plaintiff responds that Lewis falsely identified him to Defendant Askar and another officer as a person who solicited her for prostitution.

The Court finds that Plaintiff has not established a material dispute regarding his false arrest and imprisonment claims against Lewis. Section 1983 liability "does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97

F.3d 987, 991 (7th Cir. 1996). Here, there is no dispute that Lewis did not arrest Plaintiff, and never spoke to Waller about Plaintiff's arrest. Although Plaintiff offered evidence that Waller's partner, Woods, saw Lewis point to where Plaintiff was seated in the van before he was arrested, there is no evidence that Waller observed this, or that Woods relayed the information to Waller. Moreover, Plaintiff had already been arrested by the time that Askar pointed toward the scene of the arrest, asked Lewis if those were the two men who solicited her, and received an affirmative response. Since there is no evidence that Lewis caused or participated in Plaintiff's arrest, she is entitled to summary judgment as to Counts II and III.

### 3. Defendant Askar

Next, Defendant Askar argues that he cannot be held liable for false arrest or imprisonment because he did not participate in Plaintiff's arrest. According to Askar, he merely performed the ministerial act of completing the paperwork on the arrest. Alternatively, Askar argues that he is entitled to qualified immunity.

The Court agrees that Plaintiff has not shown that Askar caused or participated in the alleged false arrest and imprisonment. In Jenkins v. Keating, the Seventh Circuit affirmed the entry of summary judgment against a plaintiff in a Section 1983 action where the defendant police officer "merely performed a ministerial act in signing the criminal complaint against [the plaintiff] to bring her before the court *after [another officer] placed her under arrest*." 147 F.3d 577, 583 (7th Cir. 1998) (emphasis in original). Here, it is undisputed that Plaintiff was already in custody when Askar arrived on the scene, and that Askar only prepared a report of the incident, and signed a solicitation for prostitution complaint against Plaintiff.

7

### C.     Count V: Conspiracy

Defendants Waller, Lewis, and Askar argue that they are entitled to summary judgment as to Plaintiff's conspiracy claim because there is no evidence that they acted in concert to violate Plaintiff's constitutional rights.  To establish a claim of conspiracy under Section 1983, a plaintiff must show: (1) the existence of an express or implied agreement among the defendants to deprive him of his constitutional rights; and (2) an actual deprivation of those rights through overt acts in furtherance of the agreement.  Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988).  If the agreement is not overt, the acts must raise the inference of "mutual understanding" or a "meeting of the minds" between the defendants.  Amundsen v. Chicago Park Dist., 218 F.3d 712, 718 (7th Cir. 2000).  "Circumstantial evidence may provide adequate proof of conspiracy." Hoffman-LaRoche, Inc. v. Greenberg, 447 F.2d 872, 875 (7th Cir. 1971).  However a conspiracy claim cannot survive summary judgment if the allegations 'are vague, conclusionary and include no overt acts reasonably related to the promotion of the alleged conspiracy.'" Amundsen, 218 F.3d at 718 (quoting Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir. 1991)).

Plaintiff argues that the circumstances of the case as a whole support an inference that Lewis, Waller, and Askar conspired to charge Plaintiff with crimes he did not commit, in order to justify Plaintiff's injuries.  Plaintiff cites the following facts in support of his argument: Lewis identified Plaintiff as having solicited her for prostitution, when Defendants concede that he did not commit that crime; Waller struck Plaintiff in the eye; Askar charged Plaintiff with solicitation for prostitution; Lewis did not prepare a police report; Waller claims to have prepared a police report regarding the incident, but did not produce the report; and an unknown person signed Askar's supervisor's name to Askar's police report, when in fact the supervisor did not sign or

8

approve the report.

The Court finds that Plaintiff has not offered evidence that Lewis agreed with the other defendants to violate Plaintiff's constitutional rights. As noted above, Plaintiff has only offered evidence that Lewis identified him to Waller's partner before the arrest and alleged blow to the eye, and to Askar after Plaintiff had already been arrested. Plaintiff offers nothing to dispute Defendants' evidence that Lewis never spoke to Waller about Plaintiff's arrest, or to Askar about charging Plaintiff with solicitation to cover up the circumstances under which Plaintiff received his injuries. Nor is there sufficient circumstantial evidence to allow a reasonable jury to infer an agreement. Lewis's motion for summary judgment as to Count V against her is granted.

However, the Court finds that Plaintiff has offered sufficient circumstantial evidence to demonstrate that a material dispute exists as to his claim that Waller and Askar conspired to falsely charge him with committing a crime. Their motion for summary judgment as to Count V is denied.

### D. Count VI: Failure to Train

The City of Harvey argues that it is entitled to summary judgment as to Plaintiff's failure to train claim, on the basis that Plaintiff has not shown that the training it provided its police officers was constitutionally deficient. As Defendants note, a failure to train claim is available only in limited circumstances. See Cornfield v. Consol. High Sch. Dist. No. 230, 991 F.2d 1316, 1327 (7th Cir. 1993). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Ross v. Town of Austin, 343 F.3d 915, 918 (7th Cir. 2003) (quoting Canton v. Harris, 489 U.S. 378, 388 (1989)). "Deliberate indifference" is shown

9

where the need for more or different training is "obvious," and the deficient training is likely to result in a constitutional violation. Canton, 489 U.S. at 390. Deliberate indifference can also be shown where a municipality fails to provide further training after learning of a pattern of constitutional violations. See Sornberger v. City of Knoxville, 434 F.3d 1006, 1029-30 (7th Cir. 2006) (citing Robles v. City of Ft. Wayne, 113 F.3d 732, 735 (7th Cir. 1997)). The focus of the analysis is on the training program, and not on whether particular officers were adequately trained. See Canton, 489 U.S. at 390-91.

Plaintiff offers no evidence that the City of Harvey failed to provide training after learning of a pattern of constitutional violations. Instead, he contends that Waller and Lewis's need for additional training was so obvious that it was likely that constitutional violations would result. Specifically, Plaintiff contends that on the date of his arrest, Waller and Lewis were "auxiliary police officers" who were performing the duties of certified police officers without the requisite training for that position.

On the date of Plaintiff's arrest, Lewis and Waller were Deputy Marshals with the City of Harvey, while Askar was a certified police officer and a police academy graduate. Under Illinois law, auxiliary police officers are assigned to perform municipal duties, such as directing traffic. 65 ILCS 5/3.1-30-20(a). In addition, auxiliary police officers may perform "normal and regular police duties" when it is impractical for members of the regular police force to perform them. Id. Auxiliary police officers are required to receive training

> in the use of weapons and other police procedures appropriate for the exercise of the powers conferred upon them under this Code. The training and course of study shall be determined and provided by the corporate authorities of each municipality employing auxiliary police officers.

65 ILCS 5/3.1-30-20(c).

Plaintiff does not dispute that Harvey's Deputy Marshals received eighty hours of training, which included forty hours of firearms training, and forty hours of training in rules and regulations, the use of force and excessive force, and how to arrest a suspect, among other subjects. Plaintiff offers no evidence showing that such training was constitutionally deficient, or was likely to result in the violation of constitutional rights. The City of Harvey's motion for summary judgment as to Count VI is granted.

### E. Count IX: Malicious Prosecution

Finally, Waller, Lewis, and Askar argue that they are entitled to summary judgment as to Plaintiff's state law malicious prosecution claim. Malicious prosecution actions are disfavored in Illinois. Aguirre v. City of Chicago, 887 N.E.2d 656, 662 (Ill. App. Ct. 2008). To establish malicious prosecution under Illinois law, a plaintiff must show that: (1) the defendants began or continued the original criminal proceeding; (2) the proceeding terminated in favor of the plaintiff; (3) probable cause did not exist; (4) malice was present; and (5) that the plaintiff sustained damages. See Swick v. Liautaud, 662 N.E.2d 1238, 1242 (Ill. 1996). Liability for malicious prosecution "extends to all persons who played a significant role in causing the prosecution of the plaintiff," provided all of these elements are met. Frye v. O'Neill, 520 N.E.2d 1233, 1240 (Ill. App. Ct. 1988). Where more than one criminal charge was brought, the Court considers each charge separately in this analysis. See Holmes v. Village of Hoffman Estate, 511 F.3d 673, 682-83 (7th Cir. 2007).

There is no dispute that Waller signed a criminal complaint charging Plaintiff with resisting or obstructing a peace officer, or that Plaintiff was ultimately acquitted of that charge.

In addition, as noted above, there is a question of fact as to whether Waller had probable cause to arrest Plaintiff for that offense. Although there is no direct evidence of malice, a jury could infer that Waller had a malicious intent, based on the allegation that Waller struck Plaintiff in the eye. Accordingly, Waller's motion for summary judgment as to Count IX is denied.

The motion for summary judgment as to Plaintiff's malicious prosecution claims against Lewis and Askar is granted, however. First, Plaintiff has offered no evidence that Lewis and Askar played any role in causing Plaintiff's prosecution for resisting or obstructing a peace officer. Accordingly, Plaintiff cannot maintain a malicious prosecution claim against those defendants based on the resisting or obstructing a peace officer charge.

In addition, Plaintiff's malicious prosecution claim fails to the extent that it is based on the solicitation for prostitution charge. The plaintiff bears the burden of proving the favorable termination of the criminal proceeding. See Swick, 662 N.E.2d at 1243. Here, Plaintiff has offered no evidence as to the disposition of the solicitation for prostitution charge.

**ORDERED:** The Court *sua sponte* strikes Defendants' reply to Plaintiff's response to Defendants' Local Rule 56.1(b)(3)(B) statement of undisputed facts [96]. Defendants' motion for partial summary judgment [62] is granted in part and denied in part. The motion is granted as to Count I against the City of Harvey; Counts II and III against the City of Harvey, Lewis, and Askar; Count V against the City of Harvey and Lewis; Count VI against the City of Harvey; and Count IX against Lewis and Askar. The motion is denied as to Counts II and III against Waller; Count V against Waller and Askar; and Count IX against Waller.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: September 29, 2008